22329. FOWLER *et al.,* executors, *v.* BRADBURY.

DECIDED JUNE 15, 1932.

*Boykin & Boykin,* for plaintiffs in error. .

*Smith & Millican,* contra.

Luke, J. J. E. Bradbury brought suit againt J. A. Fowler and Mrs. Ella Fowler, as executors of the will of J. B. Fowler, deceased, to recover an alleged indebtedness of $4,884.32, with accrued interest thereon. Defendants filed an answer denying any liability, and set up a counterclaim of some three thousand dollars, as the balance due the estate on a promissory note of the plaintiff. Upon the trial by a jury, a general verdict was returned in favor of the defendants. Defendants' motion for a new trial was denied, and exceptions were taken.

The first special ground of the motion for a new trial complains of the admission of certain material evidence over objection. The evident purpose of this evidence was to prove a defense of failure of consideration for the promissory note upon which the counterclaim was based. The assignment avers that it "was evidence material, prejudicial, and hurtful to movant, because it permitted the plaintiff in this case, J. E. Bradbury, to testify concerning the transactions and to vary the terms of a written agreement made at the time the money was loaned to him by the Bank of Bowdon, for which he gave security deed to secure, and concerning a transaction made by the deceased, J. B. Fowler, who movants represent as executors." Upon no ground averred does the testimony seem to be inadmissible, since it relates to no transaction or communication between the plaintiff and the deceased, and in no wise tends to vary the terms of a written instrument.

The second special ground complains of the admission of testimony tending to show failure of consideration for the execution and delivery of a security deed. But here again the objection is that "it seeks to vary the terms of a written agreement." The testimony set out in the exception was not inadmissible upon the ground averred.

The third and fourth special grounds aver the court erroneously withheld from the jury certain testimony offered by movants to prove the value of the estate of the deceased. We think this testimony was properly excluded. That portion of the ground relating to the testimony offered to prove "at whose instance he placed the credits on the note," averring merely that this proffered testimony "was very material and would have been against the interest of the witness," is so incomplete as to require no consideration by this court.

The exception to the excerpt from the court's charge set out in

the fifth ground can not be sustained. When it is read in connection with other portions of the charge, there seems to be no reason to conclude that the jury was in any way misled or confused or that the movant was prejudiced thereby.

The sixth and seventh grounds are without merit.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*